United States District Court
Southern District of Texas
FILED

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

JAN 2 7 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **FERNANDO POLANCO-GONZALEZ** | ) | |
| | ) | |
| | ) | **C.A. No. _____ B:03-025** |
| **v.** | ) | |
| | ) | |
| **E.M. TROMINISKI, INS DISTRICT** | ) | **INS A No. 17-781-809** |
| **DIRECTOR,** | ) | |
| **and** | ) | |
| **JOHN ASHCROFT, ATTORNEY** | ) | |
| **GENERAL OF THE UNITED STATES.** | ) | |

## PETITION FOR WRIT OF HABEAS CORPUS

Fernando Polanco-Gonzalez, Petitioner, files the instant Petition for Writ of Habeas Corpus, and shows as follows:

### I. JURISDICTION AND VENUE

1. Jurisdiction herein arises under 28 U.S.C. §§2241 (habeas corpus), 1331 (federal question).

2. The Petitioner Mr. Polanco-Gonzalez is under an administratively final order of removal (See Exhibit A) which order places significant restrictions on his liberty not shared by the populace at large, including the fact that he cannot travel outside of the United States. *Jones v. Cunningham*, 371 U.S. 236, 240(1963). His immigration proceedings were held and the removal order was entered at the Harlingen, Cameron County, Texas, Immigration Court.

3. The Respondent Trominski maintains his offices in Harlingen, Cameron County, Texas, within the jurisdiction of this court.

### II. THE PARTIES

4. Petitioner Mr. Polanco-Gonzalez has been a legal permanent resident for thirty-five (35) years. He is a sixty-four (64 ) year old native and citizen of Mexico who became a legal permanent resident at the age of twenty-nine (29). He has a single state court judgment of deferred adjudication on September 8, 1999 for possession of

marijuana occurring in Brooks County, Texas.    Besides this single possession offense, the Petitioner Mr. Polanco-Gonzalez has a strong record as a productive member of American society.

5.  Respondent E.M. Trominski is the District Director of the Harlingen, Cameron County, Texas, office of the Immigration and Naturalization Service ("INS").  He is sued in his official capacity only.

6.  Respondent John Ashcroft is the Attorney General of the United States.  He is also sued in his official capacity only.

### III. THE FACTS

7.  Petitioner Fernando Polanco-Gonzalez was admitted to the United States as a lawful permanent resident ("LPR") when he was twenty-nine (29) years old, on or about 1967.  He has lived at the same address in Pharr, Texas since 1983 where he owns his home. He has been married to the same US citizen spouse since 1968 and they have eight (8) children, seven (7) of whom are United States citizens.  Many of his siblings are legal permanent residents.  He was a farm laborer for many years. More recently, his work has been limited due to medical problems including a coronary artery bypass.

8.    On or about September 8, 1999 he was given deferred adjudication for first time  possession of marijuana, the criminal act occurring in January, 1999.    Mr. Polanco-Gonzalez was given Deferred Adjudication Community Supervision for a four (4) year period and he has completed the supervision.  Prior to this time, Petitioner had convictions for Driving While Intoxicated and other misdemeanors.

9.    Immigration proceedings against Petitioner began in February 17, 2000 charging removability based on violations of laws involving controlled substances which Petitioner admitted and upon the commission of an aggravated felony which he denied. His application for cancellation of removal was filed on June 14, 2001.  In July 6, 2001 the Immigration Judge pretermitted the case, determining that the deferred adjudication constituted an aggravated felony making Petitioner ineligible for relief from removal termed cancellation of removal.

10. The INS appealed the  decision to the Board of Immigration Appeals (BIA) and on December 30, 2002, the Board affirmed the decision of the Immigration Judge and dismissed the appeal.  A copy of the BIA decision is attached as Exhibit B hereto. Petitioner alleges that except for the administrative proceedings detailed herein, he

has sought no court review of the validity of any immigration court order or BIA decision prior to the filing of this instant suit.

11.    The Petitioner exhausted his administrative remedies without having an opportunity to present his claim for relief under Immigration and Nationality Act, 8 U.S.C. 1229 B(a), cancellation of removal for legal permanent residents. Mr. Polanco-Gonzalez has argued that because he has lived in the United States for many years, because of his United States citizen spouse and children and the many legal permanent resident family members living in South Texas, and because of his work record in the U.S. and his recent medical history , his case should be given consideration.

12. From the time of Petitioner's criminal conduct and subsequent involvement in immigration courts, from January, 1999 to the present, several significant legal developments in immigration law impacted upon this case as follows:

√On March 3, 1999, the BIA decided that *Manrique*, 21 I & N Dec. 58 (BIA 1995) had been superseded by 8 USC Sec. 1101(a)(48)(A). *Matter of Roldan*, Int. Dec. 3377 (BIA 1999).

√Then on May 11, 2001, in *U.S. vs. Hernandez-Avalos*, 251 F. 3rd 505 (5th Cir. 2001), the Fifth Circuit held that felony possession of a controlled substance constituted an aggravated felony and suggested that uniformity would be promoted if the interpretation of the sentencing guidelines were applied to immigration cases.

√Finally, on February 14, 2002, the Board ruled in *Matter of Salazar*, Int. Dec. 3462 (BIA 2002) that, in light of *Hernandez-Avalos, op.cit*, in the Fifth Circuit an alien, like Mr. Polanco is eligible for no relief from removal.

13.    Because Mr. Polanco-Gonzalez has such a lengthy residence in the United States, has so many family members here and demonstrates such a good employment record, it is likely that he would have qualified for cancellation of removal had his case been heard on the merits.

14.    Upon information and belief, Petitioner alleges that a significant number of legal permanent residents (herein LPRs) who were otherwise similarly situated, in that they plead guilty to a criminal offense involving simple first time possession of marijuana and whose guilt was never actually adjudicated by a court have either: 1) Received *Manrique* treatment and their proceedings were terminated without further appeal; or 2) filed for and received cancellation of removal.

## IV. THE CAUSE OF ACTION

### HABEAS CORPUS

Petitioner reasserts and incorporates by reference paragraphs 1- 14  herein.

Petitioner Mr. Polanco-Gonzalez asserts that the removal order violates the laws and Constitution of the United States, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

### 1. *Impermissible Retroactive Application of Law*

Petitioner alleges that the 2002 Board decision impermissibly violating his due process rights and federal law as enunciated in *INS v. St. Cyr*, 533 U.S. 289, 121 S. Ct. 2271, 150L. Ed 2d 347 (2001).   Mr. Polanco-Gonzalez urges that the application of the BIA decisions to his case retroactively has occurred in the immigration proceeding.

### 2. *Statutory Construction*

#### a. Aggravated Felony

Mr. Fernando Polanco-Gonzalez urges that the Immigration Court and the BIA erred as a matter of law in determining that *U.S. vs. Hernandez-Avalos* controls whether the deferred adjudication  constitutes an aggravated felony.

#### b. Definition of Conviction

Petitioner further contends that the BIA, as a matter of law, incorrectly interpreted the meaning of as well as the the Congressional intent of 8 U.S.C 1101(a)(48)(A), as amended in 1996.  Specifically, Mr. Polanco-Gonzalez urges that Congress did not intend to repeal the Federal First Offenders Act as applied to immigrants and/or Congress did not intend by its re-definition of "conviction" to include cases, such as Petitioner's, in which a sentence of unadjudicated probation/deferred adjudication had been imposed by a state criminal court for a first time, simple possession of a controlled substance.

### 3. *Equal Protection*

#### i. Differing Results Depending of Federal or State Criminal Prosecution

Petitioner Polanco-Gonzalez also claims, following the reasoning of *Lujan-Armendariz, op.cit.* that the BIA's interpretation of the law as applied to this case violates equal protection because the Board interpretation turns on whether the immigrant was brought into state or federal court as to whether the Federal First Offender Act applies.

#### ii. Differing Results in Different Circuit Jurisdictions

Given the national scope of U. S. immigration law, Mr. Polanco-Gonzalez also asserts that it violates equal protection for the result of his case to hinge solely on the particular federal circuit in which removal proceedings are held. Had Mr. Polanco-Gonzalez been in immigration proceedings in the Ninth Circuit, for example, he would not have been subject to removal at all; had the proceedings been begun in the Third or Eleventh Circuits, he would have been eligible to apply for cancellation of removal. Petitioner would further show that other immigrants whose immigration proceedings arose within the Fifth Circuit, and who successfully transferred venue to other immigration courts located in certain other circuit courts have prevailed on their cancellation of removal claims.

#### iii. Different Results Due to Timing of Proceedings

Mr. Polanco-Gonzalez would show that the treatment of his case has depended on the timing of law changes and court rulings. This is best exemplified in the instant proceeding itself, in which the 2001 decision, *Hernandez-Avalos, op. cit.*, serves as the basis for the Board Decision, but the *St. Cyr, op.cit.* decision of the U.S. Supreme Court one month later is ignored in its ruling. Other varying results were also possible, based on court rulings in other cases, depending upon the date of hearing, date of law changes and date of court rulings. Some of these possibilities include:

| *Timing of Statute/Court Decisions* | *Result* |
|---|---|
| Between January, 1999-May 11, 2001 | **Cancellation of Removal Hearing** |

Petitioner Polanco-Gonzalez believes that if he had received the cancellation of removal hearing outlined above he probably would have received the grant of the relief sought from the Immigration Court. Any appeal and further use of the court system would only have been by the INS complaining of the grant of the requested relief in light of the use by the Immigration Judge of his discretion rather than on the timing of consideration of the case. It violates equal protection for the result of whether Mr. Polanco-Gonzalez is given an immigration court merits hearing and allowed the possibility of remaining in the United States, or instead is denied a merits hearing and barred from continued lawful permanent resident status, separated from his family and permanently barred from returning to the United States, based solely on the timing of immigration proceedings.

### 4. Substantive Due Process

Petitioner Mr. Polanco-Gonzalez further and/or in the alternative asserts that a deportation of him from the United States would violate a fundamental liberty interest which he has to live and work in the United States and a right to unite with his family within the United States. *Landon vs. Plasencia*, 459 U.S. 21, 34 (1982); *Bridges vs. Wixon*, 326, U.S. 326 U.S. 135, 154(1945). In *Plasencia*, the Court wrote:

> Plasencia's interest here is, without question, a weighty one. She stands to lose the right "to stay and live and work in this land of freedom...Further she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual. *Op. cit.* P.34.

As a lawful permanent resident, Mr. Polanco-Gonzalez enjoys the same Due Process rights, including substantive Due Process rights.

A violation of the constitutional protection to substantive due process

exists when a provision, or a combination of provision, such as exists in this case operate together to create an unjustifiable conclusive presumption  which is so broad that it does not meet a compelling state interest. *United States v. Salerno*, 481 U.S. 739, 747 (1987).   In the instant case, the  1996 law changes brought by the Antiterrorism and Effective Death Penalty Act of 1996 (herein AEDPA), the Illegal Immigration Reform and Immigrant Responsibility Act (herein IIRIRA), which re-defined 8 U.S.C. Sec. 1101(a)(48)(A) regarding "conviction"  and 8 U.S.C. 1229 B(a) which denied discretionary relief to anyone with an aggravated felony with the statutory and court established overly broad and variable definitions of the term, all create an unconstitutional presumption that all lawful permanent residents who have such a court adjudication should be barred from the United States, even when the state criminal system has determined that it is appropriate as a first time offender with a simple, non-assaultive situation to forego an adjudication of guilt and to grant community supervision.

### 5. *Procedural Due Process*

Petitioner  Mr.  Polanco-Gonzalez,  additionally  and/or  in  the alternative, urges that the Board's decision deprives him of procedural due process as required by the U.S. Constitution. *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Petitioner asserts an entitlement to "fair notice" of a law change. In Mr. Polanco-Gonzalez's case, at the time of his criminal conduct, at the time of the deferred adjudication, and when immigration proceedings began, relief was available. But by the time the merits hearing was scheduled, and then later in the BIA by applying the law selectively, no recourse but removal was available. This result could not have been contemplated at the time of Mr. Polanco-Gonzalez's guilty plea. The concept of fair notice applies not just to criminal cases but also to civil penalties, such as removal. The U.S. Supreme Court has addressed the impermissible retroactive

change in a civil penalty in *BMW vs. Gore*, 517 U.S. 559, 574, (1996). It stated:

> Elementary notice of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose.

Because Mr. Polanco-Gonzalez had no notice of the civil penalty facing him at the time he plead guilty and because the penalty is much harsher than it was at the time of either his criminal conduct and/or the date of the order of deferred adjudication, the law is imposed in a retroactively impermissible fashion.   This legal permanent resident in the U.S. from a young age was without notice of the penalties facing him at the time of his 1999 guilty plea.

### 6. *International Law and Treaty Obligations*

As an additional or alternative basis for the granting of the Writ of Habeas Corpus, Petitioner Mr. Polanco-Gonzalez would show that the BIA decision violates international law and treaty obligations between the United States and Mexico, Mr. Polanco's birth place. *Universal Declaration of Human Rights*, U.N. Doc.A/811, Part III Articles 13, 15 and 26 (1948).

### V. PRAYER

Wherefore, the Petitioner pays that this Court grant the following:

1) Assume jurisdiction over this matter;

2) Stay any removal of Petitioner;

3) Declare the Removal Order of 2001 void and unlawful and set it aside;

4) Order that Petitioner's immigration case be reopened and that Petitioner be granted a cancellation of removal merits hearing or terminate proceedings;

5) Order that Petitioner's legal permanent residency card be returned to him; and

6) Grant any other relief which this Court deems just and proper.

Respectfully Submitted,

Paula S. Waddle, Attorney in Charge
107 N. 3rd
Harlingen, TX 78550
(956) 425-6987
(956) 425-7434(fax)
State Bar No 26030400
Fed. I.D. No. 5674

## VERIFICATION

I, Paula S. Waddle, hereby certify that I am familiar with the removal case of the named Petitioner, and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

Paula S.Waddle
January 24, 2003

## CERTIFICATE OF SERVICE

I, Paula S. Waddle, hereby certify that a copy of the foregoing was hand delivered to Ms. Lisa Putnam, SAUSA, INS District Office, at 1701 Zoy, Harlingen, Texas 78550, on the 27th day of January, 2003.

Paula S. Waddle

IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TX  78550

In the Matter of

POLANCO-GONZALEZ, FERNANDO
          Respondent

Case No.: A17-781-809

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jul 6, 2001.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X]  The respondent was ordered removed from the United States to
     _MEXICO_                                          or in the alternative to
[ ]  Respondent's application for voluntary departure was denied and
     respondent was ordered removed to
     alternative to
[ ]  Respondent's application for voluntary departure was granted until
          upon posting a bond in the amount of $ _____
     with an alternate order of removal to
[ ]  Respondent's application for asylum was ( )granted  ( )denied
     ( )withdrawn.
[ ]  Respondent's application for withholding of removal was ( )granted
     ( )denied  ( )withdrawn.
[X]  Respondent's application for cancellation of removal under section
     240A(a) was ( )granted  (X)denied  ( )withdrawn.
[ ]  Respondent's application for cancellation of removal was ( ) granted
     under section 240A(b)(1)   ( ) granted under section 240A(b)(2)
     ( ) denied  ( ) withdrawn. If granted, it was ordered that the
     respondent be issued all appropriate documents necessary to give
     effect to this order.
[ ]  Respondent's application for a waiver under section _____ of the INA was
     ( )granted  ( )denied  ( )withdrawn or ( )other.
[ ]  Respondent's application for adjustment of status under section _____
     of the INA was ( )granted  ( )denied  ( )withdrawn. If granted, it
     was ordered that respondent be issued all appropriate documents necessary
     to give effect to this order.
[ ]  Respondent's status was rescinded under section 246.
[ ]  Respondent is admitted to the United States as a _____ until _____.
[ ]  As a condition of admission, respondent is to post a $ _____ bond.
[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.
[ ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.
[ ]  Proceedings were terminated.
[ ]  Other: _____
     Date: Jul 6, 2001
     Appeal: Waived/Reserved   Appeal Due By: _____

DAVID AYALA
Immigration Judge

EXHIBIT
A

NCJ



**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

**Falls Church, Virginia 22041**

File:   A17-781-809 - Harlingen

Date:

In re:  POLANCO-GONZALEZ, FERNANDO

DEC 3 0 2002

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Waddle, Paula

ON BEHALF OF SERVICE:  Jones, Cheri L.

ORDER:

PER CURIAM. We adopt and affirm the decision of the Immigration Judge. *See Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994) (noting that adoption or affirmance of a decision of an Immigration Judge, in whole or in part, is "simply a statement that the Board's conclusions upon review of the record coincide with those the Immigration Judge articulated in his or her decision"). The Immigration Judge's decision is further supported by two of our precedent decisions issued subsequent to his decision. In Matter of Salazar, 23 I&N Dec. 223 (BIA 2002), we held that an alien whose adjudication of guilt was deferred pursuant to article 42.12, section 5(a) of the Texas Code of Criminal Procedure following her plea of guilty to possession of a controlled substance is considered to have been convicted of the offense.

The Immigration Judge's decision is also supported by our decision in Matter of Santos-Lopez, 23 I&N Dec. 419 (BIA 2002), in which we held that under the decisions of the United States Court of Appeals for the Fifth Circuit in United States v. Hernandez-Avalos, 251 F.3d 505 (5th Cir.), cert. denied, 122 S. Ct. 305 (2001), and United States v. Hinojosa-Lopez, 130 F.3d 691 (5th Cir. 1997), a determination whether an offense is a "felony" for purposes of 18 U.S.C. § 924(c)(2) depends on the classification of the offense under the law of the convicting jurisdiction. The respondent's conviction for possession of marijuana in an amount more than 5 pounds and less than 50 pounds is classified as a felony offense under Texas law; therefore, the conviction is for a "felony" within the meaning of 18 U.S.C. § 924(c)(2) and an "aggravated felony" within the meaning of section 101(a)(43)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(B). Accordingly, the appeal is dismissed.

FOR THE BOARD

**EXHIBIT**
**B**