UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 7 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| FERNANDO POLANCO-GONZALEZ | ) |
| | ) |
| v. | ) C.A. No. B-03-025 |
| | ) |
| E.M. TROMINISKI, INS DISTRICT DIRECTOR, | ) INS A No. 17-781-809 |
| and | ) |
| JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES. | ) |

## APPLICATION FOR A STAY OF EXECUTION OF ORDER OF REMOVAL

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

The Applicant, **Fernando Polanco-Gonzalez (the "Petitioner" herein)**, files this Application for a Stay of Order of Removal in connection with his Petition for Writ of Habeas Corpus filed of even date herewith, and shows as follows:

1.  Along with the filing of this Application, Petitioner has filed a Petition for Writ of Habeas Corpus seeking a determination that the Petitioner has no conviction which constitutes an aggravated felony so his immigration proceedings should be remanded or reopened for consideration of his application for cancellation on the merits, and/or a determination that proceedings should be remanded or reopened in order to terminate them and/or that the immigration proceedings violated procedural and substantive due process and equal protection under the U.S. Constitution and the laws of the United States so that the Order should be voided and immigration proceedings reinstituted. A copy of the removal Order of the Immigration Judge is attached hereto as Exhibit A and by reference herein incorporated for all purposes.

2.  The Petition for Writ of Habeas Corpus alleges that Petitioner is in danger of being removed to Mexico under the terms of the Order. Petitioner alleges that the removal, while these proceedings pend, would constitute a manifest injustice.

3.  Petitioner was admitted to the United States as a lawful permanent resident ("LPR") when he was twenty-nine (29) years old, in about 1967. He has lived at the same address in Pharr, Texas since 1983 where he owns his home. He has been married to the same US citizen spouse since 1968 and they have eight (8) children, seven (7) of whom are United States citizens. Many of his siblings are legal permanent residents. Recently Petitioner has faced serious medical problems, including a coronary artery bypass.

4.  An additional, important jurisdictional ground exists to stay the removal of Mr. Polanco. Congress removed the bar to federal court jurisdiction over deported aliens in its 1996 law changes. *Max-George v. Reno*, 205 F.3d 194(5th Cir.2000), vacated on other grounds, *Max-George vs. Ashcroft*, 121 S. Ct. 2585 (2001). So that this Honorable Court could retain its jurisdiction in the event of the Petitioner's removal. However, the federal regulations which strip both the Immigration Court and the Board of Immigration Appeals of jurisdiction remain. 8 C.F.R.3.2(d) & 3.23(b). If Petitioner is removed from the U.S., federal regulations would block a reopening or a reconsideration of his case filed by the administrative agency. The Immigration Courts and Board of Immigration Appeals repeatedly use these regulations to bar any consideration of a removed alien's case. *In Re Crammond*, 23 I&N Dec. 9 (BIA 2001), vacated 23 I&N Dec. 179 (BIA 2001). Petitioner's removal would provide additional, new grounds to the Respondents to block relief to Petitioner.

5.  In order for the Court to have an opportunity to consider the Petition for Writ of Habeas Corpus and to hold any hearings or further proceedings indicated, and for Petitioner to have any immigration hearings which the court might order,

the removal of the Petitioner should be stayed. Petitioner seeks this stay *ex parte* to maintain the status quo while his petition pends. INS will suffer no hardship if the stay of removal is granted, while Petitioner will suffer great hardship is the stay is denied and the removal occurs. Moreover, the ability to pursue the Petition will be seriously hampered if Petitioner is removed.

Wherefore, premises considered, Petitioner respectfully requests that the removal be stayed for consideration of these matters, and for such other and further relief as is just.

Respectfully submitted,

*/s/ Paula Waddle*

Paula S. Waddle, Attorney-in Charge
107 N. 3rd
Harlingen, TX 78550
(956) 425-6987
(956) 425-7434(fax)
SB No 26030400
Fed. I.D. No. 5674

Dated: January 24, 2003

### CERTIFICATE OF SERVICE

I, Paula S. Waddle, hereby certify that a copy of the foregoing was served by hand delivery on Ms. Lisa Putnam, SAUSA, Office of District Counsel, INS District Office, at 1701 Zoy, Harlingen, Texas on this the 27th day of January, 2003.

*/s/ Paula Waddle*

Paula Waddle

```
                    IMMIGRATION COURT
                   201 E. JACKSON STREET
                   HARLINGEN, TX  78550
```

In the Matter of

                              Case No.: A17-781-809

POLANCO-GONZALEZ, FERNANDO

   Respondent                       IN REMOVAL PROCEEDINGS

               ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jul 6, 2001.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X] The respondent was ordered removed from the United States to
    MEXICO                                      or in the alternative to

[ ] Respondent's application for voluntary departure was denied and
    respondent was ordered removed to
    alternative to

[ ] Respondent's application for voluntary departure was granted until
        upon posting a bond in the amount of $ _____
    with an alternate order of removal to

[ ] Respondent's application for asylum was ( )granted ( )denied
    ( )withdrawn.

[ ] Respondent's application for withholding of removal was ( )granted
    ( )denied ( )withdrawn.

[X] Respondent's application for cancellation of removal under section
    240A(a) was ( )granted (X)denied ( )withdrawn.

[ ] Respondent's application for cancellation of removal was ( ) granted
    under section 240A(b)(1)    ( ) granted under section 240A(b)(2)
    ( ) denied ( ) withdrawn. If granted, it was ordered that the
    respondent be issued all appropriate documents necessary to give
    effect to this order.

[ ] Respondent's application for a waiver under section _____ of the INA was
    ( )granted ( )denied ( )withdrawn or ( )other.

[ ] Respondent's application for adjustment of status under section _____
    of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
    was ordered that respondent be issued all appropriate documents necessary
    to give effect to this order.

[ ] Respondent's status was rescinded under section 246.

[ ] Respondent is admitted to the United States as a _____ until _____.

[ ] As a condition of admission, respondent is to post a $ _____ bond.

[ ] Respondent knowingly filed a frivolous asylum application after proper
    notice.

[ ] Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.

[ ] Proceedings were terminated.

[ ] Other: _____

    Date: Jul 6, 2001
    Appeal: Waived/(Reserved)  Appeal Due By:

                                                          /s/ David Ayala
                                                         DAVID AYALA
    EXHIBIT A                                       Immigration Judge

NCJ